UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

John Doe 1, *as Parent and Natural Guardian of His Son, John Doe 2, a person under the age of 18*, et al.,

        Plaintiffs,

  v.

STARPOINT CENTRAL SCHOOL DISTRICT, *et al.*,

        Defendants.
_____

23-CV-207-LJV
DECISION & ORDER

On March 7, 2023, the defendants—the Starpoint Central School District ("Starpoint"), the Starpoint Board of Education, and Starpoint Superintendent Dr. Sean Croft—removed this case to this Court from New York State Supreme Court, Niagara County. Docket Item 1. That same day, the defendants moved to seal the case "indefinitely." Docket Item 2; Docket Item 2-1 at 5. Since then, the case has remained under seal while that motion is pending.

Because this Court had serious doubts about whether this case should remain under seal, it ordered the defendants to supplement their motion to propose redactions to the sealed documents or explain why redactions were insufficient. Docket Item 5. This Court also requested the plaintiffs' position on the motion to seal. *Id.*

On March 24, 2023, the defendants supplemented their motion to seal. Docket Item 12. They contend that this entire case should remain under seal because of the sensitive nature of the underlying allegations. *See id.* In the alternative, the defendants propose that this Court should restrict access to already-filed documents and order the

parties to submit redacted versions of those documents.  *See id.* at 11.  The plaintiffs say only that they "do not object to the [m]otion to [s]eal the federal docket pending remand."  Docket Item 7 at 80.

For the reasons that follow, the defendants' motion to seal is granted in part and denied in part.  The case is unsealed, but the documents will remain under seal until the redactions and protocol proposed by the defendants are approved by the Court.  The parties shall address any changes to those redactions and that protocol at the oral argument on the plaintiffs' motion to remand scheduled for April 3, 2023.

## DISCUSSION

**I.    UNSEALING THE CASE**

One of the cornerstones of our judicial system is the right of public access to judicial proceedings, including a presumption that judicial documents are public.  *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history.").  "A 'finding that a document is a "judicial document" triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (alterations omitted) (quoting *Newsday LLC v. County of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013)).  "The 'presumption of access' to judicial records is secured by two independent sources: the First Amendment and the common law."  *Id.* (citing *Lugosch*, 435 F.3d at 121).  But "[t]he 'right to inspect and copy judicial records is not absolute,'" and "a court may exercise its 'supervisory power over its own records and files' to deny access 'where

2

court files might [] become a vehicle for improper purposes.'" *Id.* at 142 (quoting *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 598 (1978)).

It goes without saying that the documents filed so far in this case—and the docket sheet in the case itself—are "judicial records" that trigger the presumption of public access. *See id.* at 139 ("A 'judicial document' or 'judicial record' is a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" (quoting *Lugosch*, 435 F.3d at 119)). So this Court turns to whether the First Amendment and the common law presumption require public access to the docket and at least to redacted documents here. And they do.

First, the Second Circuit has "h[eld] that docket sheets enjoy a presumption of openness and that the public and the media possess a qualified First Amendment right to inspect them." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004). The Second Circuit also has extended the First Amendment right of public access to summary judgment motions and supporting documents, *see Lugosch*, 435 F.3d at 124, and civil complaints, *see Bernstein*, 814 F.3d at 141. So the presumption of access protected by the First Amendment applies to the docket and filings here.

Second, the common law presumption of access in this case is strong. "The weight of the presumption" of access "is a function of (1) 'the role of the material at issue in the exercise of Article III judicial power' and (2) 'the resultant value of such information to those monitoring the federal courts,' balanced against 'competing considerations' such as 'the privacy interests of those resisting disclosure.'" *Id.* at 142 (quoting *Lugosch*, 435 F.3d at 119-20). Here, the material the parties seek to seal—the entire case and all the underlying documents—is obviously essential to the exercise of

3

judicial power.  *See, e.g.*, *id.* ("Pleadings, such as the complaint [], are highly relevant to the exercise of Article III judicial power.").

And just as obviously, that material has "value . . . to those monitoring the federal courts."  *See id.*  First, this case is "of legitimate interest to the public . . . and to federal courts in the future."  *Id.* at 143.  As the defendants themselves note, the "underlying events and allegations" at issue here have attracted "substantial press coverage."[1]  Docket Item 12 at 9.  And federal courts in the future may well have an interest in the proceedings in this case, including this Court's forthcoming decision on the plaintiffs' motion to remand.  Both the First Amendment and the common law presumption of access therefore favor unsealing this case and the documents filed in it.

That said, this Court recognizes the strong privacy interests at stake here.  The complaint alleges that the defendants have unjustifiably disciplined high school students based on serious but false allegations of misconduct.  *See generally* Docket Item 1-1.  Those allegations implicate the privacy interests not only of the plaintiffs, but of the alleged victim or victims of that misconduct as well.

Nevertheless, those interests can be addressed by more narrowly tailored restrictions—for example, by sealing unredacted documents and filing redacted versions—and do not require the requested extraordinary relief of sealing the entire

---

[1] The defendants cite that press coverage in arguing that "any supposed public interest in [the allegations in the complaint] is 'atypically weak.'"  Docket Item 12 at 10.  This Court does not follow how press coverage of the incidents at issue in this case shows that the public's interest in this case is atypically weak; if anything, it shows precisely the opposite.  While the public may not have a similarly strong interest in the full details of the allegations here—including the identities of the minors involved—that can be addressed by redactions or anonymization rather than by sealing the entire case.

case.  *Cf. Bernstein*, 814 F.3d at 144 ("To overcome the First Amendment right of access, the proponent of sealing must demonstrate that closure is essential to preserve higher values and is narrowly tailored to serve that interest." (alterations, citation, and internal quotation marks omitted)).  Indeed, none of the cases cited by the defendants in support of their motion to seal involved such a drastic remedy; instead, the courts protected the privacy interests at stake by, for example, sealing unredacted documents or allowing a party to proceed by pseudonym.  *See, e.g.*, *Doe v. Mass. Institute of Tech.*, 46 F.4th 61, 73 (1st Cir. 2022) ("establish[ing] the proper framework for evaluating a party's motion to proceed by pseudonym"); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (outlining ten "non-exhaustive" factors that "district courts should take into account" in deciding whether to allow parties to proceed by pseudonym); *Najera v. Lilley*, 2022 WL 515660, at *2-3 (S.D.N.Y. Jan. 14, 2022) (granting motion to seal certain documents).[2]

As an alternative to sealing this case, the defendants have proposed a protocol of maintaining restrictions on already-filed documents, filing redacted versions of those documents, and redacting future filings.  *See* Docket Item 12 at 11.  This Court believes that this alternative may well strike the balance between the parties' privacy interests

---

[2] The defendants also cite the confidentiality provisions in Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, and the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g, as supporting the wholesale sealing of this case.  *See* Docket Item 12 at 7.  But the protections in those statutes can be afforded without the extraordinary relief that the defendants request.  In *Doe*, for example, the First Circuit found that the protections of Title IX and FERPA weighed in favor of keeping a plaintiff's name anonymous.  *See Doe*, 46 F.4th at 74-76.  So the First Circuit protected the privacy interests at stake by allowing a plaintiff to proceed by pseudonym, and this Court can do the same, or something similar, here.

and the presumption in favor of public access to judicial documents.  The parties shall address this proposed protocol and any changes to it at the April 3 oral argument.

To the extent that the defendants request that the April 3 oral argument be closed to the public, however, that request is denied.  Beyond addressing the proposed protocol mentioned above, the sole issue at that argument will be whether the defendants properly removed the case to this Court.  That proceeding therefore will involve general questions of subject matter jurisdiction and should not require an exhaustive recitation of the factual allegations in the complaint or a detailed inquiry into whether the underlying disciplinary decisions challenged in the complaint were appropriate.

## II.   ANONYMIZATION

For the reasons stated above, this case is unsealed.  Although this Court previously warned that it "d[id] not believe that sealing this entire case is appropriate," Docket Item 8, it appears that the plaintiffs may not have contemplated the effect of unsealing this case.  For example, the plaintiffs have not offered their position on redactions, moved to proceed by pseudonym, or said anything beyond simply noting that they "do not object to the [m]otion to [s]eal the federal docket pending remand." Docket Item 7 at 80.  That lacuna is somewhat surprising, especially because the plaintiffs appear to have some of the strongest privacy interests at stake in this case.

Because this Court recognizes those privacy interests and the possible effects of unsealing this case, and because the plaintiffs may be relying on the defendants' request to seal, the plaintiffs may temporarily proceed by pseudonym.  If the plaintiffs

would like to continue to proceed by pseudonym, they must move to do so as provided below.

In federal court, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff*, 537 F.3d at 188-89. In fact, "pseudonyms are the exception and not the rule," and the party seeking anonymity "must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam). A plaintiff meets that burden only when "the plaintiff's interest in anonymity" outweighs "the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189.

The Second Circuit has provided a non-exhaustive list of ten factors for courts to consider when determining whether a plaintiff should be permitted to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;

and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, citations, and internal quotation marks omitted).

After weighing the factors in *Sealed Plaintiff*, this Court concludes that the plaintiffs should be permitted to proceed by pseudonym—at least temporarily. First, the Court can easily dispose of factors five and six in *Sealed Plaintiff*. This case challenges the actions of public entities and actors, not private individuals, and those defendants have asked that the *entire* case remain under seal. Because "suits against the government involve no injury to the [g]overnment's reputation," *see Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019) (citation and internal quotation marks omitted), and because the defendants in this case apparently do not object to allowing the plaintiffs to proceed by pseudonym, those factors weigh in favor of anonymization. *See Sealed Plaintiff*, 537 F.3d at 190 (factors five and six).

Moreover, the claims here involve allegations of a "sensitive" and "personal" nature." *See id.* (factor one). Likewise, and as the defendants note, identifying the plaintiffs poses a possible risk to both the plaintiffs and "innocent non-parties," particularly because the allegations involve high school students. *See id.* (factors two, three, and four); *see also Doe v. New York Univ.*, 537 F. Supp. 3d 483, 496-97 (S.D.N.Y. 2021) (granting motion to proceed pseudonymously where the plaintiff "is 19 years old and in her first year of college").

The remaining factors are relatively neutral.[3] At this early stage, and with the plaintiffs' motion to remand not yet fully briefed, this Court does not know whether this

---

[3] Although the defendants note that there has been some press coverage of this case, *see* Docket Item 12 at 18-39, not all of the plaintiffs' identities have been

case presents "purely legal" issues.  *See Sealed Plaintiff*, 537 F.3d at 190 (factor nine); *cf. Does 1-2 v. Hochul*, 2022 WL 836990, at *10 (E.D.N.Y. Mar. 18, 2022) (noting that "the identity of each . . . [p]laintiff[]" added little value where the lawsuit "rais[ed] an abstract question of law" about the facial constitutionality of a state regulation).  And while there may be "alternative mechanisms for protecting the confidentiality of the plaintiff[s]," *Sealed Plaintiff*, 537 F.3d at 190 (factor ten), that does not outweigh the factors favoring anonymity outlined above—in particular, the sensitivity of the allegations and the ages of both the parties and nonparties.  Finally, although the public has an interest in this litigation, *see supra* at 4 n.1, that does not necessarily mean that the public has a similarly strong interest in learning the identities of all the individuals involved, some of whom are minors.

After weighing the relevant factors in *Sealed Plaintiff*, and in light of this Court's unsealing of this case, this Court will allow the plaintiffs to temporarily proceed by pseudonym.  Because the plaintiffs did not brief this issue or actually ask to proceed by pseudonym, the plaintiffs must move to proceed by pseudonym within two days of the date of this order.  If the plaintiffs do not move to do so within two days of the date of this order, then they will proceed in their names.

---

disclosed.  *See Sealed Plaintiff*, 537 F.3d at 190 (factor seven).  And as noted above, this case has remained under seal since it was removed from state court.  Until the plaintiffs brief the issue, this Court therefore will allow all plaintiffs to temporarily proceed by pseudonym.

9

**CONCLUSION**

For the reasons stated above, the defendants' motion to seal, Docket Item 2, is GRANTED in part and DENIED in part. The case is unsealed. To account for the privacy interests implicated by this case, the Clerk of the Court shall temporarily change the plaintiffs' names to: John Doe 1, as Parent and Natural Guardian of his son, John Doe 2, a person under the age of 18; Jane Doe, as Parent and Natural Guardian of her son, John Doe 2, a person under the age of 18; and John Doe 3. If the plaintiffs do not move to proceed by pseudonym within two days of the date of this order, the Clerk of the Court shall change the plaintiffs' names to match how they appear in the notice of removal. The parties shall address any changes to the defendants' proposed redactions and protocol at the oral argument scheduled for April 3, 2023.

SO ORDERED.

Dated:   April 3, 2023
         Buffalo, New York

                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE