UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

██████████ and █████████████, as
Parents and Natural Guardians of their son,
███, a person under the age of 18, and
███████████████,

                              Civ. No.: 23-CV-207

           Plaintiffs,

v.

STARPOINT CENTRAL SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE
STARPOINT CENTRAL SCHOOL DISTRICT,
and DR. SEAN CROFT, in his official capacity
as Superintendent of Schools of the Starpoint
Central School District,

           Defendants.
_____

# SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO FILE UNDER SEAL

**WEBSTER SZANYI LLP**
Attorneys for Defendants
Ryan G. Smith
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800

i

## PRELIMINARY STATEMENT

The matter at hand is not a traditional civil case.  It does not concern a tort claim, or an alleged constitutional violation, or a claim of sex abuse.  This case only concerns the Starpoint Central School District's ("the District") decision to remove two high school students from its education programs and activities on an emergency basis, pursuant to Title IX, in response to allegations of sexual harassment, including sexual assault, against another student.  In light of the confidentiality requirements set forth in both Title IX and the Family Educational Rights and Privacy Act ("FERPA"), sealing this case is necessary and appropriate in order to comply with those laws and respect the privacy of the individual students, and is also the most pragmatic way to litigate this matter.

At the center of this dispute are allegations of sexual assault between high school students, some of whom are minors.  The privacy interests of those students outweigh any First Amendment right to public access here.  There is no compelling public interest in knowing why the Plaintiff students were removed or whether they should be allowed to return to attend their regular classes and activities at the high school.  To not place this matter under seal would also serve to dissuade student victims of sexual assault from coming forward.  Furthermore, each party to this action has requested that this matter be placed under seal, and the Niagara County Supreme Court previously granted Plaintiffs' request in that regard.

In addition, there is an ongoing Title IX investigation into the underlying allegations that weighs in favor of sealing this case.  The District has interviewed several witnesses and hopes to interview other potential witnesses who have so far

2

declined to participate, and interviews with the Plaintiff students have been scheduled to take place in the near future.[1]  If this case does not remain under seal, more detailed information related to the underlying allegations will be publicly available – and presumably reported by the news media – that is likely to undermine the integrity of that investigation.  Furthermore, multiple counts of harassment were recently filed against two District students following law enforcement's investigation into the underlying matter.[2]

Merely redacting information would not be practical insofar as the central issue at hand – i.e. the emergency removal of the Plaintiff students under Title IX – will necessarily require submissions and/or arguments that focus on the involved students and additional details concerning the underlying allegations and circumstances.  There is no legitimate public interest in knowing that information, especially in light of the ages of the individual students involved.  For these reasons and those set forth in the District's original memorandum of law and supporting Declaration (*see* Dkt. 2-1, 2-2), the District respectfully requests that this matter remain under seal indefinitely.

In the event that this Court is not persuaded that sealing this matter in its entirety is appropriate under the circumstances, the District would propose that certain filings remain under seal and that instructions be provided on redacting information moving forward, as detailed below.

---

[1] *See* accompanying Supplemental Declaration, ¶ 3.
[2] *See id.* ¶ 5.

3

## STATEMENT OF FACTS

The material facts relevant to this motion are set forth in the Declaration of Ryan G. Smith dated March 7, 2023 ("Smith Decl.") (*see* Dkt. 2-2), and in the accompanying Supplemental Declaration of Ryan G. Smith dated March 24, 2023 ("Suppl. Smith Decl."), and will only be repeated herein as needed for purposes of argument.

## ARGUMENT

### Point I

### Defendants' Motion to Seal Should Be Granted

Defendants recognize and acknowledge that there is a presumption of access to judicial documents. However, "the right to inspect and copy judicial records is not absolute," and, for example, "access has been denied where court files might have become a vehicle for improper purposes."[3] In matters involving sexual assault victims, for instance, sealing judicial documents has been deemed appropriate if "closure is essential to preserve higher values and closure is narrowly tailored to serve that interest," such as where it is not practical to redact a victim's name from the documents at issue.[4] Similarly, "although a presumption in favor of public access exists, the basis for sealing records at issue – protecting the identity of the sexual assault victim – provides a compelling reason to limit such access. Indeed, it is common for courts in

---

[3] *K.W. by J.W. v. City of New York*, 2018 WL 11451569, at *1 (E.D.N.Y. 2018) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)) (internal quotation marks omitted).
[4] *Murphy v. Warden of Attica Corr. Facility*, 2020 WL 6866403, at *1 (S.D.N.Y. 2020).

this District to grant requests for sealing orders to protect a sexual assault victim's identity."[5]

The United States Court of Appeals for the Second Circuit utilizes a three-part test to determine whether sealing is appropriate. First, the court must conclude that the documents sought to be sealed are judicial documents and entitled to the common law presumption of access.[6] Then, the court must assess the weight of the presumption, "which is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."[7] Lastly, "the court must balance competing considerations against the presumption of access, including the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."[8] The Second Circuit has specifically acknowledged that "the privacy interests of innocent third parties… should weigh heavily in a court's balancing equation."[9]

In this case, the competing considerations outweigh the presumption of public access. The privacy interests of all individuals involved, including the alleged victim, who is a minor and not a party to this case, cannot be understated in light of the serious and sensitive allegations at hand. And as explained in Defendants' original Memorandum of Law, both Title IX and FERPA contain confidentiality protections, and neither provides for the disclosure of such information to the public.[10] In this regard, the

---

[5] *Murphy*, 2020 WL 6866403, at *1 (citing various cases granting requests to file records under seal).
[6] *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).
[7] *Id.*
[8] *Id.* at 120.
[9] *Matter of New York Times Co.*, 828 F.2d 110 (2d Cir. 1987).
[10] *See* Dkt. 2-1, pp. 3-4.

United States Court of Appeals for the First Circuit has held that "it would be a mistake to conclude that the confidentiality attending Title IX proceedings is unimportant simply because it is not absolute.  It is evident, we think, that federal law aims to keep such proceedings largely under wraps."[11]  The First Circuit went on to explain as follows:

> In federal suits that amount to collateral attacks on Title IX proceedings, a full appreciation of the public's interest in transparency must factor in the choice by Congress and the Department [of Education] to inhibit a school's disclosure of private information, such as the name of an accused student…. And destroying that confidentiality may throw a wrench into other Title IX proceedings.  *See* [*Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016)] (observing that compelling disclosure of accused student-plaintiff's identity "may discourage victims from reporting sexual misconduct in the first instance"); *see also* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 132 Fed. Reg. 41390, 41453 (July 12, 2022) (setting forth Department's "tentative view" that any unauthorized disclosure of Title IX proceedings "may chill reporting of sex discrimination or participation in the [college's] efforts to address sex discrimination").  The public has an abiding interest in ensuring that the values underpinning the confidentiality protections imposed by FERPA and Title IX are not subverted by collateral attacks in federal court.[12]

In *Doe*, the Plaintiff sought to proceed under a pseudonym, and the First Circuit vacated the district court's denial of that motion and remanded the matter for further proceedings.[13]  The Court was not presented with a motion to seal the entire case.  However, the reasoning and analysis that was applied by the Court in rendering

---

[11] *Doe v. Massachusetts Inst. of Tech.,* 46 F.4th 61, 75 (1st Cir. 2022).
[12] *Id.* at 76.
[13] *See id.* at 77.

its decision should likewise apply here, and the circumstances here are far more compelling in favor of sealing the entire case.

For example, in *Doe,* the Plaintiff was a college student at the time of the incidents in question; the underlying Title IX investigation and grievance process had been completed years prior to him filing suit; and his lawsuit asserted various claims against the University and sought damages against the university based on the final determination that resulted from the Title IX process, including his expulsion from the university just prior to graduation.[14]

Here, in addition to the same Title IX and FERPA confidentiality requirements that were relied upon in *Doe,* this matter involves high school students, many of whom are minors, including the alleged victim and one of the plaintiffs; the District's Title IX investigation has not been completed and no determination has been issued; there are pending counts of harassment against two students following law enforcement's investigation into the matter; the only issue in dispute in this case concerns the District's decision to remove the Plaintiff students on an emergency basis pursuant to Title IX; all parties to this action have requested that the matter be sealed; the State Court granted Plaintiffs' request to seal the matter; and Plaintiffs have expressed no objection to sealing the matter pending resolution of their motion to remand.[15]  The privacy interests of all students here are significant.  Permitting public access to a case that involves an ongoing Title IX investigation, as well as pending

---

[14] *See generally id.*
[15] *See* Dkt. 2-2, ¶¶ 6-11; Dkt. 10, p. 80; accompanying Suppl. Smith Decl., ¶¶ 3-6.

criminal matters, would be contrary to the confidentiality protections set forth in Title IX and FERPA.

Furthermore, in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), the Second Circuit established a list of factors to consider when balancing the public's interest in accessing judicial documents against privacy interests. Although that case concerned the plaintiff's request to proceed under a pseudonym, Defendants respectfully submit that those factors should likewise be considered here insofar as the Court must balance countervailing concerns that weigh against full public access. The vast majority of the factors identified in *Sealed Plaintiff* clearly weigh in favor of protecting the privacy interests here, including whether the litigation involves matters that are highly sensitive and of a personal nature; whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; whether the defendant would be prejudiced; whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; and whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.[16]

Redactions would neither be practical nor serve to protect the privacy interests at stake. For one, the Verified Petition and the exhibits thereto that were filed in State Court contain numerous references to the names of the students involved as well as details of the underlying allegations of sexual harassment, including but not

---

[16] *See Sealed Plaintiff*, 537 F.3d at 189-190.

limited to allegations ████████████████████████████████████

█████████████████████.[17]  Also, there has been substantial press coverage

concerning the underlying events and allegations, including news stories that discuss

the allegations set forth in the Verified Petition.[18]  The accompanying Supplemental

Declaration identifies the various articles and video segments that have been published

on the matter from just two local news outlets.[19]  It has been reported, for example, that

"the allegations against the two students now banned from classes state they ████████

████████████████████████████████████████████████████████████

████████████████████████████ on January 23, 24 and 25, 2023.[20]  It

has also been reported that the victim did not file a complaint with the District until after

he was not selected to compete in the Section VI Class A wrestling tournament

scheduled for February 4 and 5, 2023.[21]

      Based on the foregoing, merely redacting identifying information will not

adequately serve to protect the privacy of the individual students involved.  The sole

issue in dispute is whether the emergency removal provision in Title IX was properly

---

[17] *See e.g.,* Dkt. 1-1 (Ex. E).
[18] *See* accompanying Suppl. Smith Decl., ¶ 4, Ex. A.
[19] *See id.*
[20] *See id.*, Ex. A (*see* article entitled "Bullying and assault accusation made in lawsuit involving a second high school wrestling team," dated March 2, 2023).
[21] *See id.*, Ex. A (*see e.g.* article entitled "Starpoint High parents take legal action after wrestling season is cancelled," dated February 10, 2023; video segment in article entitled "Starpoint board member files lawsuit over conduct claims," dated February 28, 2023; article entitled "Lawsuit alleges canceling of Starpoint wrestling season tied to 'dog pile' incidents, omission from tournament roster," dated February 12, 2023; article entitled "Bullying and assault accusation made in lawsuit involving a second high school wrestling team," dated March 2, 2023; article entitled "Two Starpoint High School wrestlers face harassment charges, Niagara County Sheriff's Office reports," dated March 23, 2023).

invoked.  It would not be practical, and would defeat the purpose of providing public access, to redact information because the information that would be redacted is squarely at the center of the dispute at hand – any papers submitted or oral arguments will undoubtedly consist of extensive discussion concerning the individuals and the specific allegations.[22]  The involved students simply should not have to experience those details being publicized in any further detail, and any supposed public interest in that information is "atypically weak."  The entire case is about whether two students can return to attending their regular classes and activities at the District's High School. There is no legitimate public interest in that information, let alone the details that formed the basis for their emergency removal, and there is an ongoing Title IX investigation into the underlying allegations.

## Point II

## <u>Absent Sealing The Case, Defendants Propose The Following Procedures</u>

If the Court is not persuaded that sealing the entire record in this case is necessary and appropriate under the circumstances, Defendants would propose the following in order to protect the privacy interests of the individuals involved:

---

[22] *See e.g. Murphy*, 2020 WL 6866403, at *1 (holding that "because it does not appear practical to redact the victim's name from the documents at issue…, the Court further concludes that sealing the documents identified by respondent is 'narrowly tailored' to serve the higher value of safeguarding the victim's identity"); *see also Najera v. Lilley*, 2022 WL 515660, at *2 (S.D.N.Y. 2022) (holding that redaction of certain filings would not be practical because "there are numerous references to either the child victim's name, the victim's mother's name, or other facts and information that would tend to identify the child victim throughout the documents").

1)      Defendants' notice of removal and motion to seal, including all exhibits thereto and any papers submitted in connection therewith, remain permanently under seal;

2)      Plaintiffs be directed to file redacted, public versions of the complaint and its accompanying exhibits that protect the identities of the involved students (e.g. use of pseudonyms) and that redact the specific allegations of sexual assault, or in the alternative, that Plaintiffs file an amended complaint in compliance therewith;

3)      For future filings, the parties are to file under seal any documents that would disclose the identities of the involved students or the specific allegations of sexual assault, and to contemporaneously file redacted, public versions on ECF; and

4)      Any oral argument that may be scheduled in connection with the emergency removal of the Plaintiff students be treated as under seal and not open to the public.

The foregoing is consistent with those set forth in *KW by JW v. City of New York*, 2018 WL 11451569 (E.D.N.Y. 2018).

## CONCLUSION

For these reasons, Defendants respectfully request that this Court grant their motion to seal in its entirety, and for any other relief deemed appropriate by the Court.

Dated:        March 24, 2023

**WEBSTER SZANYI** LLP
Attorneys for Defendants

By:   _/s Ryan G. Smith_
        Ryan G. Smith
424 Main Street
Suite 1400
Buffalo, New York 14202
(716) 842-2800
rsmith@websterszanyi.com

TO:    Angelo DiMillo, Esq.
        Attorney for Plaintiff, ████████████
        14 West Main Street
        Lockport, NY 14094

        Gross Shuman P.C.
        B. Kevin Burke, Jr, of Counsel
        Attorney for Plaintiff, ██████████
        465 Main Street, Suite 600
        Buffalo, NY 14203

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

███████████ and ██████████████ , as Parents
and Natural Guardians of their son, ███ , a person under
the age of 18, and ████████████ ,

                              Plaintiffs,

v.
                                                    Civ. No.:  23-CV-207

STARPOINT CENTRAL SCHOOL DISTRICT, BOARD
OF EDUCATION OF THE STARPOINT CENTRAL
SCHOOL DISTRICT, and DR. SEAN CROFT, in his
official capacity as Superintendent of Schools of the
Starpoint Central School District,

                              Defendants.

---

## SUPPLEMENTAL DECLARATION OF RYAN G. SMITH IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO FILE UNDER SEAL

I, Ryan G. Smith, Esq., hereby swear and affirm the following under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746:

1.      I am an attorney at law duly admitted to practice before this Court and I am a partner with the law firm Webster Szanyi LLP, attorneys for Defendants Starpoint Central School District, Board of Education of the Starpoint Central School District, and Dr. Sean Croft (collectively referred to as "the District").  As such, I am familiar with the facts and circumstances of this action.

2.      I submit this declaration in further support of the District's motion to file this case under seal, including Defendants' Notice of Removal (with exhibits).  *See* Dkt. 1-2.

3.      As stated in my original Declaration, the District commenced an investigation into the underlying allegations pursuant to its obligations under Title IX.  That investigation is ongoing, and the Title IX process is likely to take several weeks or longer to complete.  The District hopes to interview several potential witnesses who have so far declined to cooperate, and interviews with the Plaintiff students have been scheduled to take place in the near future.

4.      There has been substantial press coverage concerning the underlying events and allegations, including news stories that discussed the allegations set forth in the Verified Petition.  Links to some of those articles and video segments are below:

- Starpoint parents take legal action; wrestling season canceled | wgrz.com

- Starpoint wrestlers, parents address school board after season was canceled | wgrz.com

- Starpoint wrestling legal action | wgrz.com (video only)

- Starpoint board member files lawsuit over conduct claims | wgrz.com

- Lawsuit alleges canceling of Starpoint wrestling season tied to 'dog pile' incidents, omission from tournament roster (buffalonews.com)

- Bullying and assault accusation made in lawsuit involving a second high school wrestling team (buffalonews.com)

- Two Starpoint High School students face harassment charges (buffalonews.com)

To the extent the above links include written articles, true and accurate copies of those articles are attached as Exhibit A.

       5.    Upon information and belief, on or about March 23, 2023, multiple counts of harassment were filed against two District students in the Towns of Wheatfield and Pendleton in connection with law enforcement's investigation into the underlying incidents. The Niagara County Sheriff's Office issued a press release addressing the matter that can be viewed here: [Recent News | Niagara County Sheriff, NY (niagarasheriff.com)](), a true and accurate copy of which is attached as Exhibit B.

       6.    Plaintiffs' memorandum of law in support of their motion to remand states that they have no objection to sealing this matter pending resolution of that motion. *See* Dkt. 10, p. 80.

       7.    In addition to the confidentiality protections set forth in Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 et seq. ("Title IX") and its implementing regulations, 34 C.F.R. Part 106, and the Family Educational Rights and Privacy Act ("FERPA"), this case should be sealed in its entirety because the privacy interests of the involved individuals, including minors, outweigh any right to public access. To this point, there is an ongoing Title IX investigation as well as pending criminal matters in connection with the underlying allegations; the sole issue in dispute concerns whether the Plaintiff students should be allowed to attend their regular classes and activities at the District's High School, and there is no legitimate public interest in that information; redacting information would not be practical under the circumstances; and all parties to this action have requested that this Court and/or the Niagara County Supreme Court seal

the matter, and the State Court granted that request. *See* accompanying Supplemental Memorandum of Law.

        8.     In the event that the Court is not persuaded that sealing this case is necessary and appropriate under the circumstances, Defendants propose the following to protect the privacy interests of the individuals involved:

        a.     Defendants' notice of removal and motion to seal, including all exhibits thereto and any papers submitted in connection therewith, remain permanently under seal;

        b.     Plaintiffs be directed to file redacted, public versions of the complaint and its accompanying exhibits that protect the identities of the involved students (e.g. use of pseudonyms) and that redact the specific allegations of sexual assault, or in the alternative, that Plaintiffs file an amended complaint in compliance therewith;

        c.     For future filings, the parties are to file under seal any documents that would disclose the identities of the involved students or the specific allegations of sexual assault, and to contemporaneously file redacted, public versions on ECF; and

        d.     Any oral argument that may be scheduled in connection with the emergency removal of the Plaintiff students be treated as under seal and not open to the public.

Dated:      March 24, 2023

                      By:  *s/ Ryan G. Smith*
                           Ryan G. Smith, Esq.

# EXHIBIT A

EDUCATION

# Starpoint High parents take legal action after wrestling season is canceled

2 On Your Side learned more about the allegations of misconduct after legal paperwork was filed Thursday.



Author: Kelly Dudzik
Published: 5:52 PM EST February 10, 2023
Updated: 11:11 PM EST February 10, 2023

 

NIAGARA COUNTY, N.Y. — A judge has denied a petition to allow the Starpoint High School wrestling season to continue.

The state qualifier was supposed to happen Saturday at Starpoint, but it has been moved to North Tonawanda High School.

On Wednesday, 2 On Your Side learned that the Starpoint varsity wrestling season was over when the school district released a statement, saying it had received "serious allegations of inappropriate conduct by one or more members of its Varsity wrestling team."

Sponsored Links

**Chicken Al Pastor | Where Fire Meets Flavor**
Chipotle

**RELATED ARTICLE:** Starpoint High wrestling season canceled by school district

Then on Thursday night, the Niagara County Sheriff's Office confirmed it is investigating those claims.

Now some of the wrestlers' parents have hired an attorney.

The attorney told 2 On Your Side on Friday afternoon that the parents wanted to get a temporary restraining order to stop the district from preventing their kids from wrestling Saturday.

Basically, the parents and their attorney are arguing that if other kids did something wrong, it shouldn't stop their children from participating.

In the legal paperwork filed Thursday, we learned more about the allegations that the school district so far has not revealed. The attorney alleges two team members were involved in an incident with another team member last month, and he claims those two wrestlers were "roughhousing and piled on each other," taking the other kid's shoes and socks.



Starpoint High parents take legal action after wrestling season is canceled

The legal filing also claims a second similar incident happened the next day at an off-campus barn, where the wrestlers were practicing because it was a snow day.

The parents are also saying the parent of the child who was targeted only complained after their son did not qualify for Saturday's tournament.

"We disagree with the judge's decision, but ultimately, it's up to the judge to make that determination," attorney Jeffrey Reina said. "Again, we felt that by disciplining the entire team, they were stigmatizing a group of boys who were not involved in the incident, and it wasn't fair to them.

Reina added: "Some of these student-athletes have dedicated their entire academic career to wrestling. Wrestling is important to them. A number of them are ranked highly in the state. They're missing another opportunity to showcase their talents for potential scholarships."

Reina says the parents feel like the district could just discipline the students involved in any potential misconduct, and not punish the entire team.



**This Day in History**

Recap of important historical events that took place on that day.



We did contact the school district again Friday afternoon for comment and have not heard back.

### Related Articles

Teacher at Starpoint found not guilty of rape allegations

Starpoint Middle School student facing charges for making a terroristic threat

Starpoint High wrestling season canceled by school district

LOCAL NEWS

# Starpoint wrestlers, parents address school board after season was canceled

Anger and tears Monday night at the Starpoint Central School District board meeting as wrestlers expressed their frustration over the canceled season.



Author: Nate Benson (WGRZ)
Published: 11:30 PM EST February 27, 2023
Updated: 11:30 PM EST February 27, 2023

 

PENDLETON, N.Y. — The Starpoint school board canceled the wrestling season after an allegation of misconduct was reported.

The board announced the cancellation on February 8, though no record of an emergency board meeting can be found, and the wrestling season was not on the agenda of the regular meeting two days prior on February 6.

Monday night, wrestlers and parents were able to voice their anger and frustration with the board over the decision.

"Everybody's assuming in this utter silence, that each and every one of these boys are rapists, molesters, and otherwise, which is the furthest from the truth," said ▮▮▮▮▮▮

▮▮▮▮▮▮ identified that he has a son on the JV wrestling team.

"We still haven't even been told exactly what the allegations are," ▮▮▮▮▮ said. "You can't defend yourself if you don't know what you're being accused of."

▮▮▮▮▮▮▮▮ another parent, challenged the board about the investigation.

"Has anybody here spoken to my son about the allegations?" ▮▮▮▮▮ asked. "Has the athletic directors talked to my son about these allegations? He has not"

▮▮▮▮▮ also said that law enforcement also hasn't reached out to interview his son.

▮▮▮▮▮▮▮ a senior on the Starpoint wrestling team, told the board that his teammates have been relentlessly harassed since the announcement of the canceled season. ▮▮▮▮ also has a younger brother on the team.

" I've walked into bathrooms with my little brother when kids were yelling at him calling him a rapist," ▮▮▮▮ told the board. "I had to tell him to get out."

After a board budget presentation, the board responded to several parents in the audience, but it quickly back and forth, particularly with board member Dr. Shawn P. Riester.

The board eventually wrapped up the meeting and went into an executive session.

2 On Your Side reached out to the Niagara County Sheriff's Office for an update on the investigation but did not get a response.



Starpoint High parents take legal action; wrestling season canceled

**Related Articles**

Wrestling tournament takes place without Starpoint team

Starpoint High parents take legal action after wrestling season is canceled

Starpoint High wrestling season canceled by school district

LOCAL NEWS

# Starpoint board member files lawsuit over conduct claims

Starpoint school board member ████████████ filed a lawsuit against the district regarding the misconduct claims.



Author: **Dave McKinley, Nate Benson (WGRZ)**
Published: **6:07 PM EST February 28, 2023**
Updated: **12:39 PM EST March 1, 2023**

 

NIAGARA COUNTY, N.Y. — A lawsuit was filed in Niagara County supreme court late Tuesday afternoon by Starpoint school board member ████████████ and her husband ██████

██████ is suing the Starpoint Central School District.

Additionally, one of the accused students is petitioner in the lawsuit.

The lawsuit was posted publicly on the New York State Unified Court System website.

The lawsuit alleges ▇▇▇▇ son, and another student who were both wrestlers, were removed from school by the district after a "notice of emergency removal" was filed to against them on February 7th.

On February 8th, the Starpoint superintendent, Dr. Sean Croft, announced the wrestling season had been canceled over "allegations of misconduct."

The lawsuit indicates that the school district received "notice of formal complaint of sexual harassment under Title IX" regarding the two students on February 9th.

The Title IX complaint claims that the two students "pose an immediate threat to the physical health and safety of students, arising from allegations of sexual harassment."

The lawsuit argues that the district did not provide the two students with a reason why they were deemed an immediate threat to other students.

A hearing was held on February 10 between the district and the two students.

Superintendent Dr. Sean Croft upheld the removal of the students, as the lawsuit claims, because of three "piling on" incidents at several practices.

The "pile on" incidents allegedly occurred on January 23, 24, and 25. The lawsuit claims that the wrestler accusing two students of misconduct felt upset that he ended up at the bottom of the "dog pile" multiple times over the course of three days.

The documents in the lawsuit also claim that multiple coaches were present for the "pile on" incidents, as well as a Lockport Police officer.

Monday night during the school board meeting, ▇▇▇▇▇▇ said she was asked not to attend the February 6 meeting, and that she had no part in the decision made by the board.

"I would like to say the Starpoint district overreacted and this is catastrophic what was not done to not only my son but the rest of these Starpoint wrestlers," ▇▇▇ said.

There is no record of an emergency school board meeting being announced or a public agenda where the board would have voted on canceling the wrestling team's season.

The lawsuit is seeking the de facto suspension of their son to be nullified and have him reinstated.

Late Tuesday night, the Starpoint Central School District released a statement addressing the lawsuit.

https://buffalonews.com/news/local/lawsuit-alleges-canceling-of-starpoint-wrestling-season-tied-to-dog-pile-incidents-omission-from-tournament/article_3a3b0440-ab15-11ed-bbb8-17002bbe748b.html

# Lawsuit alleges canceling of Starpoint wrestling season tied to 'dog pile' incidents, omission from tournament roster

**Jay Tokasz**

Feb 12, 2023



The Starpoint Central High School wrestling season was canceled after the district "received serious allegations of inappropriate conduct by one or more members of its varsity wrestling team," according to a statement by Superintendent Sean M. Croft.

SUBSCRIBE: $1 for 3 months

Jay Tokasz

**P** arents of Starpoint Central High School wrestlers said the district's **canceling of the rest of wrestling season** due to "serious allegations of inappropriate conduct" by team members stemmed from two incidents in January in which some wrestlers piled on top of a teammate during practices.

The parents maintained in court papers filed last week that the incidents involved one or two wrestlers and were quickly addressed by coaches. They only became an issue again weeks later, the parents said, after the wrestler who had been piled upon was not selected by coaches to compete in the Section VI Class A tournament.

The district overreacted by canceling the season, according to a lawsuit filed Friday that sought a court order to block the district's decision.

## People are also reading...

1  **Mike Harrington: As another non-playoff season slips away, Sabres keep climbing on dubious list**

2  **In Buffalo visit, Buttigieg hails $55 million federal grant to dismantle expressway that segregated community**

3  **With Debbie Wiles-Fetterman's death, the heart of the Swannie House stopped beating**

4  **Buffalo Bills to sign running back Damien Harris, while Devin Singletary reportedly heads to Houston Texans**

A Niagara County State Supreme Court judge declined to rule on the motion prior to the Section VI individual championships on Saturday, so Starpoint wrestlers did not compete in the event and can't advance to the New York State championships.

Superintendent Sean M. Croft said in a letter Tuesday that the district cannot disclose details about the underlying circumstances "due to the involvement of law enforcement and other legal implications." The Niagara County Sheriff's Office **confirmed that it was investigating** members of the wrestling squad but declined to elaborate.

The first "dog pile" incident happened Jan. 24 at a practice at the high school. The piled-upon teammate's shoes were taken off and thrown over a scoreboard, and a coach "corrected the behavior" before starting practice, according to court papers filed by attorney Jeffrey F. Reina on behalf of seven parents whose sons are on the wrestling team.



**Starpoint wrestling season canceled due to 'serious allegations of inappropriate conduct'**

A second incident on Jan. 25 involved a sexual harassment claim at a private practice facility known as the Barn, though the lawsuit did not explain the claim. Two wrestlers tackled the same teammate who had been piled upon the previous day and removed his shoes again. The teammate became upset and left, and a coach later went to the boy's home "to smooth out the situation," court papers said.

After the incidents, the Starpoint wrestling team competed in the state Dual Meet Championships in Syracuse and won a Division I title.

Numerous parents of team members attended the event, including the parents of the wrestler who had been piled upon, according to court papers.

"The team parents celebrated the team's performance together and there was no discussion, tension, or conflict among the parents. The alleged incidents were not an issue," court papers said.

Starpoint High School was then scheduled to host the Section VI Individual Championships on Saturday.

After learning that her son did not qualify, the mother of the wrestler who was piled upon complained to the district about the incidents from two weeks earlier and told district officials that two wrestlers who were involved in the incidents should not be allowed to compete, according to court papers.

The parents of several wrestlers appealed Croft's decision within hours of his emailed letter, stating in a letter to the superintendent and to the school board that their children did not see or participate in any inappropriate conduct and that wrestlers who were completely innocent of any alleged wrongdoing were being punished.



**Niagara County Sheriff's Office investigating Starpoint wrestling**

"Many of these wrestlers have an opportunity to win a State Individual title, which equates to college recruitment and scholarships," the parents wrote. "You have stripped them (of) the opportunity to earn these titles therefore missing out on an opportunity for colleges to know their worth. This is bigger than just ending a season. It is impacting their future."

In affidavits to the court, some parents said their wrestler sons now have a stigma attached to them because of their association with the team.

"My sons are being targeted by other students and teachers at Starpoint, and they are being called 'rapists,' " one mother said in an affidavit.

## By Jay Tokasz

### Reporter

My byline has run in the Ithaca Journal, USA Today, the Rochester Democrat & Chronicle and the New York Times. I have been a staff reporter at The Buffalo News since 2002 and currently am part of the watchdog team.

https://buffalonews.com/news/local/bullying-and-assault-accusation-made-in-lawsuit-involving-a-second-high-school-wrestling-team/article_db080dae-b908-11ed-9455-2b8ad8febb93.html

# Bullying and assault accusation made in lawsuit involving a second high school wrestling team

**Patrick Lakamp**

Mar 2, 2023



A lawsuit says that after a middle school student joined the varsity wrestling squad at Lancaster High School in 2021, other wrestling team members "physically, sexually and emotionally assaulted" him.
Buffalo News file photo

SUBSCRIBE: $1 for 3 months

Patrick Lakamp

nother local school district faces a lawsuit over allegations of bullying on its wrestling team, and this one deals with what happened to a 12-year-old seventh-grader who made the varsity squad at Lancaster High School.

After the middle school student joined the team 2021, other wrestling team members "physically, sexually and emotionally assaulted" him, according to a lawsuit filed Wednesday in State Supreme Court in Buffalo.

The lawsuit filed by the student's mother included few details about the alleged misconduct but said the then-12-year-old wrestler was "harassed, taunted, bullied, abused, picked on, insulted, ridiculed and tormented."

The Lancaster legal action came one day after a lawsuit was filed against the Starpoint Central School District in Niagara County. That lawsuit seeks to overturn the decision to remove two Starpoint Central High School wrestlers from their classes while the district investigates allegations against them by a teammate. The filing in that case included a district document that described the allegation more seriously than just horseplay or roughhousing.

## People are also reading...

1  **Buffalo Bills to sign running back Damien Harris, while Devin Singletary reportedly heads to Houston Texans**

2  **Observations: As Devon Levi Watch continues, Sabres are no-shows vs. Bruins**

3  **In Buffalo visit, Buttigieg hails $55 million federal grant to dismantle expressway that segregated community**

4  **'It wasn't a riot': New details on chaotic scene at Boulevard Mall in Amherst that drew heavy police response**

The Starpoint wrestling controversy involves "serious allegations of sexual assault against another student," according to a letter from Starpoint Superintendent of Schools Sean Croft that was included in the court filing.

### The 7th-grade wrestler

The Lancaster lawsuit names the Lancaster Central School District and the high school as defendants but not any students, coaches or school administrators.

"As a public school district, we are bound by various laws, regulations, and policies regarding students' privacy and therefore will not be discussing the matter publicly," said Kimberly Gromoll, director of public relations for the Lancaster Central School District.

The then-12-year-old student was attending Lancaster Middle School as a seventh grader when in October 2021 he joined the varsity wrestling squad made up of mostly of upper classmen and high school-aged students, according to the lawsuit.

The younger student participated in practices and meets at the Lancaster Senior High School, as well as at various other high schools and venues in and outside of Erie County.

The bullying and assaults happened on numerous occasions from December 2021 through the conclusion of the wrestling season in February 2022, according to the lawsuit.

The lawsuit asserts district employees, coaches and teachers failed to intervene to put a stop to the "outrageous and offensive conduct" of his teammates despite the conduct happening in their presence.

The employees, coaches and teachers "were negligent, reckless and careless in the care, custody, supervision and control" of the student, according to the lawsuit.

The lawsuit described the Lancaster student as being injured externally, internally and permanently in the head, body, limbs and nervous system and suffered pain, discomfort, disfigurement and distress.

Because of the injuries, he required treatment from physicians, surgeons and nurses in hospitals and during therapy, according to the lawsuit.

Attorney Frederick G. Attea Jr., who represents the Lancaster family suing the district, said he could not discuss the lawsuit until he could speak with the parents and confirm what they want disclosed.

## 'Pineapple' in Starpoint

The lawsuit against Starpoint was filed by an 18-year-old senior who was removed from classes over allegations against him and also the parents of the other removed student, who is younger than 18.

Croft sent Feb. 7 letters to the parents of both Starpoint students saying the high school seniors pose "an immediate threat to the physical health or safety of students arising from allegations of sexual harassment."

Croft's letter indicated neither student would be permitted to be in or on school district buildings or property or attend any extracurricular activities.

In a letter a week later to the parents of the younger student, Croft said the student could continue to attend his BOCES program and receive in-person tutoring from 3:30 to 5 p.m. on days to be scheduled in a conference room in the principal's office.

Croft called the "emergency removal" of the two students a safety measure – not a factual determination of the students' guilt or innocence stemming from the allegations.

The Starpoint wresting team did not finish it season.

**Parents of Starpoint Central High School wrestlers lost their court bid** last month to block the district's decision to cancel the rest of the wrestling season after the allegations of inappropriate conduct.

**Lawsuit alleges canceling of Starpoint wrestling season tied to 'dog pile' incidents, omission from tournament roster**

The parents said the allegations stemmed from incidents in January in which some wrestlers piled on top of a teammate during practices.

The parents maintained in court papers that the incidents involved a couple of wrestlers and were quickly addressed by coaches. They only became an issue again weeks later, the parents said, after the wrestler who had been piled upon was not selected by coaches to compete in the Section VI Class A tournament scheduled for Feb. 4 and 5.

The suit filed Tuesday seeking to reverse Starpoint's decision to remove the two seniors from classes told a similar story. The alleged harassment happened over three days and involved "piling on" incidents during which various members of the wrestling team would pile on other teammates as horseplay. When it happened on

Jan. 23, a team coach was present, according to the lawsuit. When it happened before practice on Jan. 24, "it was merely the team roughhousing each other – horseplay among the wrestling team."

The third incident happened on Jan. 25, a Wednesday, at a school parent's property that included a facility with wrestling equipment and mats for the students to use. The owner of the property has two sons who are members of the team. The student who accused teammates of inappropriate conduct "became upset since he ended up at the bottom of the dog pile and texted his mother to pick him up," according to the court file. The student's teammates later apologized and he decided to remain with the team. For the next 13 days, the students attended school together without incident and were in the same English class. And the team competed in the state championships in Syracuse, staying together for two days in a hotel, eating out at restaurants. Afterward, 13 of the team's wrestlers with most points during the season qualified for another tournament, and the student who had been piled upon did not make the cut.

The team did not end up going to that tournament.

Then came the district's "notice of emergency removal" that kept two of the Starpoint wrestlers off school grounds because of their teammate's complaint.

**Starpoint wrestling season canceled due to 'serious allegations of inappropriate conduct'**

The notice of formal complaint of sexual harassment against the two students described the incidents more seriously than just a case of roughhousing.

The allegations against the two students now banned from classes state they ▮▮▮▮▮

▮▮▮▮ on Jan. 23 and again the next day, both times in the high school gym, and a third time on Jan. 25 at the school parent's property.

The word "pineapple" was said immediately before one or more of the incidents, apparently a code word to initiate the activity, according to the notice.

By Patrick Lakamp

**Enterprise Editor**

In my 25th year at The News, I'm finding stories in spreadsheets and courtrooms. So I like data and depositions a lot. A Missouri and Syracuse grad. plakamp@buffnews.com

https://buffalonews.com/news/local/crime-and-courts/two-starpoint-high-school-wrestlers-face-harassment-charges-niagara-county-sheriffs-office-reports/article_14fca70c-c9a0-11ed-944f-ebfa7c67118c.html

TOP STORY

# Two Starpoint High School wrestlers face harassment charges, Niagara County Sheriff's Office reports

**Ben Tsujimoto**
Mar 23, 2023



The Starpoint Central High School wrestling season was canceled after the district "received serious allegations of inappropriate conduct by one or more members of its varsity wrestling team," according to a statement by Superintendent Sean M. Croft.

SUBSCRIBE: $1 for 3 months

Ben Tsujimoto

T wo 17-year-olds on the Starpoint High School wrestling team, which **saw its season canceled in early February** after "allegations of inappropriate conduct," face harassment charges stemming from two incidents this winter, the Niagara County Sheriff's Office reported Thursday.

The students, who were not identified because of their age, each face two counts of second-degree harassment from January incidents, one at a private residence on Townline Road in the Town of Wheatfield and the other on Starpoint High School property in Pendleton, the Sheriff's Office said. Under New York State law, second-degree harassment is a violation and is not a criminal charge.

Starpoint Superintendent Sean M. Croft said in early February that the district moved to cancel the season so that allegations could be investigated.

### People are also reading...

1  **With big roster bonus looming for defensive back Siran Neal, Bills have a decision to make**

2  **Passenger dies in South Buffalo crash, driver faces charges**

3  **'It wasn't a riot': New details on chaotic scene at Boulevard Mall in Amherst that drew heavy police response**

4  **Buffalo Bills to sign running back Damien Harris, while Devin Singletary reportedly heads to Houston Texans**

## Support Local Journalism

"This decision is necessary in order to ensure that the processes moving forward can take place without delay," Croft said in a statement Feb. 8.

On Thursday, Croft issued another statement acknowledging the charges via email. "The District will continue to take all appropriate and necessary measures to protect our students. We ask that the privacy of all students and their families be respected at this time," Croft said in the latest statement.

Seven Starpoint parents filed a **lawsuit seeking to overturn the cancellation** of the wrestling season. The parents detailed "dog piling" incidents where several wrestlers would pile on top of their teammate and remove his shoes. The parents maintained in court papers that the incidents were quickly addressed by coaches. The incidents only became an issue again weeks later, the parents said, after the wrestler who had been piled upon was not selected by coaches to compete in the Section VI Class A tournament.

A Niagara County State Supreme Court judge declined to rule on the motion prior to the Section VI individual championships, so Starpoint wrestlers did not compete in the event and could not advance to the New York State championships.

Ben Tsujimoto can be reached at **btsujimoto@buffnews.com**, at (716) 849-6927 or on Twitter at @Tsuj10.

## Popular in the Community



| Letter: DeSantis' attack on Disney h... | Term limit tussle: Group accuses... | Sabres Mailbag: How should GM Kevyn... | In Di |
| GoldBasketball | RedUmbrella | GreenCar | |
| The letter writer does not know what he is... | True to form. Tenney is disengenuos. | So essentially stay the course? Hope we hit... | No ch |
| 🔥 Top Comment 👍 14 | 🔥 Top Comment 👍 | 🔥 Top Comment 👍 4 | 🔥 |

AdChoices ▷                    Sponsored

# EXHIBIT B



**OFFICE OF THE SHERIFF**
**COUNTY OF NIAGARA**
3526 Niagara Street Ext.
P.O Box 496
Lockport, New York 14095-0496

Michael J. Filicetti
*Sheriff*

Michael P. Dunn
*Undersheriff*
(716) 438-3370

## MEDIA RELEASE

| INCIDENT TYPE: | CRIMINAL INVESTIGATION |
|---|---|
| LOCATION: | 4363 MAPLETON ROAD AND TOWNLINE ROAD. |
| MUNICIPALITY: | County of Niagara |
| DATE/TIME: | 3/23/2023 at 1300 hours |

### INFORMATION:

Lockport, NY - On February 3, 2023, the Niagara County
Sheriff's Office fielded an official complaint involving
allegations that occurred with the Starpoint School
District Wrestling Team. These incidents were alleged to
have happened in January, 2023. After a thorough
investigation by the Sheriff's Office Criminal
Investigation Bureau, two 17 year old juvenile Starpoint
students were each charged with one count of Harassment 2nd
from an incident which occurred at a private residence on
Townline Road in the Town of Wheatfield. Additionally,
further Harassment 2nd charges are pending for the same two
juvenile students in the Town of Pendleton stemming from
allegations which occurred on the Starpoint School District
property. The names of the juveniles involved will not be
released due to their ages. Starpoint School District
cooperated fully with the investigation. No further
information will be released.

###

ANY ADDITIONAL INFORMATION/DETAILS WILL BE RELEASED AS NECESSARY OR APPROPRIATE

| DEPUTY ASSIGNED: | SHERIFF MICHAEL FILICETTI |
|---|---|
| OTHER PERSONNEL: | |
| SUPERVISOR: | |
| FIRE COMPANIES: | |
| AMBULANCE CO.: | |
| OTHER FIRE/EMS: | |
| CASE/REF. NO.: | 23-5478 |

Tel. (716) 438-3393
Communications Center Fax (716) 438-3302

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

██████████ and ██████████, as Parents
and Natural Guardians of their son ██, a person
under the age of 18, and ██████████,

        Plaintiffs,              Civ. No.: 23-CV-207

9v.

STARPOINT CENTRAL SCHOOL DISTRICT,
BOARD OF EDUCATION OF THE STARPOINT
CENTRAL SCHOOL DISTRICT, and DR. SEAN
CROFT, in his official capacity as Superintendent of
Schools of the Starpoint Central School District,

        Defendants.

## CERTIFICATE OF SERVICE

      I, Ryan G. Smith, hereby certify that on March 24, 2023, I served the

foregoing Supplemental Memorandum of Law in Further Support of Defendants' Motion

to File Under Seal and the Supplemental Declaration of Ryan G. Smith in Further

Support of Defendants' Motion to File Under Seal with exhibits, by first class mail,

postage prepaid, upon counsel listed below:

Angelo DiMillo, Esq.
Attorney for Plaintiffs, ██████████

14 West Main Street
Lockport, NY 14094

Gross Shuman P.C.
B. Kevin Burke, Jr, of Counsel
Attorney for Plaintiff, ██████████
465 Main Street, Suite 600
Buffalo, NY 14203

**WEBSTER SZANYI** LLP
Attorneys for Defendants


By:    */s Ryan G. Smith*
       Ryan G. Smith
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
rsmith@websterszanyi.com